IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLES A. RUFAI,

      Plaintiff,

v.

GUIDED THERAPEUTICS, INC.;
GENE S. CARTWRIGHT, President &
CEO-Director; MICHAEL C. JAMES,
Director; JOHN E. IMMHOFF,
Director; LINDA ROSENSTOCK,
Director; JONATHAN NILOFF,
Director; GPB DEBT HOLDINGS II
LLC; EVANS MYRIANTHOPOULOS,

      Defendants.

CIVIL ACTION NO.

1:17-CV-02564-CC-CMS

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on (1) the Motion to Dismiss Second Amended Complaint filed by Defendants Guided Therapeutics, Inc., Gene S. Cartwright, Michael C. James, John E. Imhoff, Linda Rosenstock, and Jonathan Niloff (collectively, the "Guided Therapeutics Defendants") [Doc. 65]; and (2) the Motion to Dismiss Second Amended Complaint filed by Defendants GPB Debt Holdings II LLC and Evan Myrianthopoulos (collectively, the "GPB Defendants") [Doc. 67]. All named Defendants move to dismiss this case based on Plaintiff Charles A. Rufai's failure to comply with this Court's order directing him to

properly effect service of process on all Defendants.  [Docs. 65, 67].  For the reasons discussed below, I recommend that the motions to dismiss be granted and that the claims against Defendants be dismissed without prejudice for failure to effect service of process under Federal Rule of Civil Procedure 4(m).

## I.      BACKGROUND

This matter arises in connection with Plaintiff's termination from his employment as a Controller with Defendant Guided Therapeutics, Inc. in March 2016.  [Doc. 32 ("Second Am. Compl.") ¶¶ 16, 45-48].  Plaintiff, who is proceeding pro se, alleges that the reason given for his termination was "Lack of Work."  [Id. ¶ 46].  Plaintiff, however, claims that he was actually terminated because of his disability, national origin, race, color, and in retaliation for having engaged in protected conduct, among other things.  [Id. ¶¶ 76-187].

Plaintiff initiated the instant lawsuit on July 10, 2017, alleging various claims of discrimination and retaliation against the Guided Therapeutics Defendants.  [Doc. 1 at 2-3].  On July 27, 2017, Plaintiff filed returns of service, indicating that he had attempted service on the Guided Therapeutics Defendants by certified mail.  [Docs. 3-8].  On August 8, 2017, the Guided Therapeutics Defendants filed a motion to dismiss Plaintiff's original complaint, arguing that the

Federal Rules of Civil Procedure do not permit individuals and corporations to be served by certified mail.  [Doc. 11].

On August 25, 2017, Plaintiff timely filed his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) [Doc. 16]; as such, the Guided Therapeutics Defendants' motion to dismiss was denied as moot [Doc. 17]. In his First Amended Complaint, Plaintiff named two additional defendants: the GPB Defendants.  [Doc. 16].  To date, there is no indication on the docket that Plaintiff has attempted to serve the GPB Defendants.

On September 7, 2017, the Guided Therapeutics Defendants filed a motion to dismiss Plaintiff's First Amended Complaint, again arguing that the case should be dismissed for insufficient service of process.  [Doc. 20].  On October 10, 2017, Plaintiff filed an opposition to the Guided Therapeutics Defendants' motion to dismiss as well as a motion for leave to amend the First Amended Complaint.[1] [Doc. 25].  On January 11, 2018, I issued an Order granting Plaintiff's motion for leave to further amend his complaint and denying the Guided Therapeutics Defendants' second motion to dismiss as moot.  [Doc. 31].  In the Order, I directed Plaintiff to properly serve all Defendants within fourteen days of filing his Second

---

[1]  Although Plaintiff titled this document "Notice of Cross Motion," Plaintiff later confirmed that his October 10, 2017 filing was a motion for leave to file a second amended complaint.  [Doc. 29 at 2].

Amended Complaint, and to file with the Court proofs of service within five days after service.  [Id. at 2-3].  I also warned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this lawsuit."  [Id. at 3].

On January 24, 2018, Plaintiff filed his Second Amended Complaint against the Guided Therapeutic Defendants and the GPB Defendants.  [Doc. 32].  On January 29, 2018, Plaintiff filed returns of service, indicating that he had attempted service on the Guided Therapeutics Defendants by serving an individual named Lisa Battle.  [Docs. 43-48].  On February 5, 2018, Plaintiff filed additional returns of service, this time indicating that he had attempted service on the Guided Therapeutics Defendants by serving "Rita Erves authorized for Mary Anne Ackourey ESQ. Freeman Mathis Gary LLP."  [Docs. 56-61].

On February 14, 2018, the Guided Therapeutics Defendants filed their pending motion to dismiss, arguing, among other things, that Plaintiff's Second Amended Complaint should be dismissed because the Guided Therapeutics Defendants still have not been properly served with process.  [Doc. 65].  On February 28, 2018, the GPB Defendants filed the other pending motion to dismiss, arguing, among other things, that Plaintiff's Second Amended Complaint should be dismissed for failure to serve process.  [Doc. 67].

4

Plaintiff has not submitted a response to either motion, and the time for doing so has now passed.  Under Local Rule 7.1(B), a party's failure to file a response to a motion indicates that there is no opposition to the motion.  <u>See</u> LR 7.1(B), NDGa.   Therefore, both pending motions to dismiss are deemed unopposed.  <u>Id.</u>  An unopposed motion, however, does not mean that the moving party automatically prevails; rather, the Court is still required to consider the merits of the motion.  <u>See</u> <u>Giummo v. Olsen</u>, 701 F. App'x 922, 925 (11th Cir. 2017). Accordingly, I have reviewed the merits of the arguments raised in the motions to dismiss.  The motions are now ripe for consideration.

## II.   <u>DISCUSSION</u>

The Federal Rules of Civil Procedure specify that the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m).  <u>See</u> Fed. R. Civ. P. 4(c)(1).  Rule 4(m) states, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  "When service of process is challenged, the burden of establishing its validity falls upon the party obligated to make the service." <u>Nickens v. Jarvis & Cohen, Inc.</u>, Civ. No. 1:14-CV-1631-TWT, 2015 WL 630446,

at *2 (N.D. Ga. Feb. 12, 2015) (internal citations omitted).  A litigant's pro se status does not relieve him of the obligation to comply with the procedural rules of the court.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its motion to dismiss, or if no motion is filed, then the defense must be included in the defendant's answer.  See Fed. R. Civ. P. 12(b), (h); see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv., 553 F.3d 1351, 1360 (11th Cir. 2008).

Plaintiff has again failed to properly effect service of process on the Guided Therapeutics Defendants, in violation of my January 11, 2018 Order.  On January 29, 2018, Plaintiff filed returns of service, indicating that he had attempted service on the Guided Therapeutics Defendants by serving an individual named Lisa Battle.  [Docs. 43-48].  The Federal Rules of Civil Procedure do not permit individuals and corporations to be served by simply delivering the complaint and summons to an employee of a defendant company.  See Fed. R. Civ. P. 4(e),

4(h)(1)(A)-(B).  The Guided Therapeutics Defendants argue that Lisa Battle is a non-managerial employee of Defendant Guided Therapeutics, Inc. and was not authorized to accept service of process on behalf of any of the Guided Therapeutics Defendants.  [Doc. 65 at 3, 6-7].  As the party with the burden of establishing the validity of service, Plaintiff has not demonstrated that Ms. Battle was, in fact, authorized to accept service on behalf of the Guided Therapeutics Defendants.

On February 5, 2018, Plaintiff filed additional returns of service, indicating that he had attempted service on the Guided Therapeutics Defendants again by serving the law firm of Freeman Mathis Gary LLP, which is the law firm representing the Guided Therapeutics Defendants in this case.  [Docs. 56-61].  The Guided Therapeutics Defendants argue that Freeman Mathis & Gary LLP was not authorized to accept service of process on behalf of any of the Guided Therapeutics Defendants.  [Doc. 65 at 3-4, 6-7].  It is well-settled that service cannot be effected upon a party by merely serving the party's attorney, unless the party's attorney has been authorized to accept service.  See Leonard v. Stuart-James Co., 742 F. Supp. 653, 662 (N.D. Ga. 1990) ("Service under Rule 4 is not avoided by service on a party's attorney, as service on an attorney is ineffective unless he has been authorized to accept service of process.").  Again, as the party carrying the burden,

Plaintiff has not demonstrated that the law firm of Freeman Mathis & Gary LLP was authorized to accept service on behalf of the Guided Therapeutics Defendants.

Additionally, it is evident from the docket that, to date, Plaintiff has not filed returns of service to indicate that the GPB Defendants were served with the Second Amended Complaint and summons.  I informed Plaintiff in my January 11, 2018 Order that it appeared he had not yet attempted to serve the GPB Defendants as required under the Federal Rules of Civil Procedure, and that failure to properly serve any named Defendants could result in the dismissal of his lawsuit.  [Doc. 31]. There is no indication that Plaintiff attempted to properly serve the GPB Defendants or that the GPB Defendants waived service as permitted under Rule 4(d).  Moreover, in failing to respond to either of the pending motions, Plaintiff has failed to provide any explanation as to why he failed to properly serve Defendants.

Under the circumstances presented in this case, Plaintiff's status as a pro se litigant, standing alone, does not warrant an (additional) extension of time to perfect service.  See Nelson v. Barden, 145 F. App'x 303, 311 n.10 (11th Cir. 2005) (unpublished) (dismissing pro se litigant's case for failure to effect timely service of process because "a [party's] *pro se* status in civil litigation generally will not excuse mistakes he makes regarding procedural rules"); see also Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction of

the pleading requirements for pro se litigants does not equate with liberal deadlines).  In fact, Plaintiff has been given multiple opportunities to perfect service over the past seven months, but he has failed to do so.

Based on these facts, the pending motions to dismiss should be granted for failure to effect service of process.[2]  See Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 (11th Cir. 2006) ("[W]e conclude that the district court did not commit reversible error in *sua sponte* dismissing [plaintiff's] complaint for failure to effect timely service of process, pursuant to Rule 4(m)."); Ojelade v. Coleman, 258 F. App'x 257, 258 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in *sua sponte* dismissing the case under Rule 4(m) because [plaintiff] did not follow the requirements of Rule 4.").[3]

---

[2]   Both the Guided Therapeutics Defendants and the GPB Defendants request in their respective motions that the Court dismiss Plaintiff's Second Amended Complaint with prejudice for failure to comply with my January 11, 2018 Order under Federal Rule of Civil Procedure 41(b).  I decline to do so at this time, instead recommending dismissal of Plaintiff's Second Amended Complaint without prejudice for failure to effect service of process under Federal Rule of Civil Procedure 4(m).

[3]   I have not addressed the other arguments concerning the merits of Plaintiff's Second Amended Complaint in Defendants' respective motions, because in the absence of proper service, this Court does not have jurisdiction over the claims.  If service of process is found to be insufficient, it is improper for the district court to reach the merits in the case.  See Hargon v. Homeward Residential, Inc., Civ. No. 1:12-CV-3425-CC-AJB, 2013 WL 12200654, at *6 (N.D. Ga. July 26, 2013) (citing Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 182-

### III.   <u>CONCLUSION</u>

For the reasons stated, I **RECOMMEND** that the Guided Therapeutics Defendants' Motion to Dismiss Second Amended Complaint [Doc. 65] be **GRANTED**, that the GPB Defendants' Motion to Dismiss Second Amended Complaint [Doc. 67] be **GRANTED**, and that Plaintiff's Second Amended Complaint be **DISMISSED WITHOUT PREJUDICE** in its entirety.

**SO REPORTED AND RECOMMENDED**, this 25th day of April, 2018.


Catherine M. Salinas
United States Magistrate Judge

---

83 (11th Cir. 2007)); <u>see also</u> <u>Kabbaj v. Obama</u>, 568 F. App'x 875, 881 (11th Cir. 2014) ("Because [the plaintiff] did not properly serve [the defendants], the district court lacked jurisdiction to dismiss the [claims] against them with prejudice.").